UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | Case No. 23-10809-JGR |
| ) | |
| NORTH SHORE MANOR, INC. ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**JOINDER TO OBJECTION TO MOTION TO APPOINT CHAPTER 11 TRUSTEE**

North Shore Associates, LLP ("NSA") by and through its attorneys, Kutner Brinen Dickey Riley, P.C., hereby joins in the Objection to the Motion to Appoint Chapter 11 Trustee filed by the Debtor, North Shore Manor, Inc. ("Debtor") at Docket No. 219, and in support thereof, states as follows:

1. The Debtor and NSA filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 6, 2023.

2. NSA owns improved real property located in Loveland, Colorado comprised of a nursing home facility operated by the Debtor. As of the Petition Date, the Debtor owed approximately $648,000 in rent to NSA.

3. The only means by which NSA will see a recovery on account of its claim is through the continued operation of the Debtor. The Debtor's successful operations are key in NSA's reorganization strategy.

4. Since the Petition Date, the Debtor has successfully transitioned away from Columbine Management Services, Inc., and has significantly improved operations. The Debtor has continuously improved its occupancy rates and cash flow and appears to be operating profitably.

5. NSA anticipates that, as a result of the Debtor's improved cash flow, the Debtor will be able to resume rent payments based on either an agreed amount or a newly negotiated lease.

6. If a Chapter 11 trustee is appointed, the Debtor's prospects for reorganization will, in essence, be terminated, and the result will likely be an impairment to NSA's reorganization efforts. The appointment of a trustee will not only add an additional layer of expense to the estate, but it will likely result in the eventual termination of the Debtor's operations a liquidation of its assets.

7.     A cessation of operations would ensure that NSA would receive nothing for its post-petition rent, and would likely receive little to nothing for its pre-petition claim. Without rental payments from the Debtor, NSA will not be able to service its debt that is secured by a lien on the real property.

8.     Appointment of a trustee would therefore result in a termination of the reorganization efforts of not one company, but two.

9.     "Appointing a trustee in a Chapter 11 case is an extraordinary remedy, and there is a corresponding strong presumption that the debtor should be permitted to remain in possession." *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 124 (Bankr. D. Md. 2012). *See also Official Cmte. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 577 (3d Cir. 2003); *In re Berwick Black Cattle Co.*, 400 B.R. 907, 912 (Bankr. C.D. Ill. 2009); *Tradex Corp. v. Morse*, 339 B.R. 823, 826 (Bankr. D. Mass. 2006). Because a successful reorganization is advantageous to all parties in interest, there is a strong presumption in Chapter 11 cases against appointment of a trustee and in favor of allowing the debtor-in-possession, who is most knowledgeable about and best able to run debtor's business, to remain in control while in bankruptcy. *In re Sundale Ltd.*, 400 B.R. 890, 899 (Bankr. S.D. Fla. 2009).

10.    Given that the Debtor has undertaken extraordinary efforts to restructure its operations in the short time it has been in bankruptcy, including appointing an interim CEO, entering into a contract with a new management company, significantly reducing its overhead expenses, and improving its cash flow and occupancy rates, there is no cause to take such an extraordinary remedy as appointment of a Chapter 11 trustee.

11.    Accordingly, the Motion to Appoint a Chapter 11 Trustee should be denied.

WHEREFORE, NSA prays the Court make and enter an Order denying the Motion to Appoint a Chapter 11 Trustee, and for such further and additional relief as to the Court may appear just and proper.

Dated: May 15, 2023                Respectfully submitted,

By:  */s/ Keri L. Riley*
Keri L. Riley #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com