**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| NORTH SHORE MANOR, INC. | ) Case No. 23-10809-JGR |
| | ) |
| Debtor. | ) Chapter 11, Subchapter V |
| | ) |

**OBJECTION TO MOTION TO SEAL**

J. Robert Wilson (**"Bob"**) objects as follows to the Motion to Strike or Seal Notice of Filing Demand for Arbitration with the American Arbitration Association (Doc. 331) filed by Keri Riley, Esq., and Kutner Brinen Dickey Riley, P.C. (collectively, **"Counsel"**).[1]

1. As this Court knows well:

> Public access is a foundational attribute of the Federal Judiciary. As a matter of federal common law, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." The right of public access is "rooted in the public's First Amendment right to know about the administration of justice." Put another way, the policy requiring public access in judicial proceedings is based on "the public's right to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system."

In re Petersen, 597 B.R. 434, 437 (Bankr. D. Colo. 2019)(citations omitted).

2. "When Congress enacted the Bankruptcy Code in 1978, it gave the long-standing federal common law of public access to judicial records a statutory boost. 11 U.S.C. § 107 'establishes a broad right of public access, subject only to limited exceptions set forth in the statute, to all papers filed in a bankruptcy case. . . . [T]he coverage of Section 107(a) is 'sweeping.'" Id. (citing Gitto v. Worcester Telegram & Gazette, 422 F.3d 1, 6 (1st Cir. 2005)).

---

[1] This Objection applies to the Joinder filed by the Debtor's counsel (Doc. 336).

3. This Court stopped this case in its tracks because the Heirs purporting to control North Shore Associates (**"NSA"**) filed this bankruptcy without first confirming authority in mandatory arbitration. The Heirs did that through Counsel. The public, particularly other creditors, is entitled to know how this bankruptcy halted and the landscape of the arbitration that replaced it.

4. "The bottom line is that all papers filed in a bankruptcy case presumptively are public records and open to examination. The statute identifies only very few exceptions for which redacting or sealing records may be appropriate. <u>And, the [moving party] bears the burden to establish the existence of an applicable exception</u>." <u>Id.</u> (emphasis added). A "party seeking to invoke the exception must 'come forward with the particular facts that demonstrate the material at issue is scandalous or defamatory.'" <u>In re Gitto Global</u>, 422 F.3d 1, 11 (1st Cir. 2005).

5. Counsel has not met its burden of overcoming § 107(a)'s sweeping mandate by coming forward with the particular facts that demonstrate the material at issue in the Arbitration Demand is scandalous or defamatory. Counsel must show that "(1) the material is untrue, or (2) the material is potentially untrue and irrelevant or included within a bankruptcy filing for an improper end" or "disgraceful, offensive, shameful and the like." <u>Id.</u> at 14; <u>In re Roman Catholic Archbishop</u>, 661 F.3d 417, 432-33 (9th Cir. 2011).

6. Counsel offers nothing to show that the Arbitration Demand meets any of these standards. Long on name-calling and short on specifics, Counsel claims that references to Counsel in the Arbitration Demand somehow are false and defamatory, with no explanation as to why the references are either.

7. "Papers filed in the bankruptcy court do not fall within the § 107(b)(2) exception merely because they would have a detrimental impact on an interested party's reputation." <u>Gitto</u>

422 F.3d at 11. And "it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." Id. at 12. "The unintended, potential secondary consequence of negative publicity to [an] attorney . . . is regrettable but not a basis for sealing the filing." In re Neal, 461 F.3d 1048, 1054 (8th Cir. 2006).

8. Before filing any motion to dismiss or motion to compel arbitration, Bob's attorneys came to Counsel and pointed out the concerns leading to this bankruptcy's abeyance. Counsel refused these entreaties, continued representing NSA without resolving authority to do so in arbitration, and aggressively resisted arbitration. All that led to the Arbitration Demand that Counsel now decries.

9. The Arbitration Demand states Bob's litigation claims, arguments, and positions about fraudulent and unlawful conduct undertaken by respondent Heirs including, without limitation, this bankruptcy's very filing. The Arbitration Demand notes that the Heirs undertook much of this unlawful conduct through Counsel including, without limitation, the filing of this bankruptcy.

10. The Arbitration Demand's references to Counsel note that:

    a. *The Heirs* undertook a fraudulent resolution and hired Counsel to file the fraudulent resolution in this Court;

    b. *The Heirs* used NSA partnership funds to hire Counsel;

    c. *The Heirs* used Counsel to oppose arbitration under the Partnership Agreement, even though Counsel's purported client, NSA, was not a party to the Partnership Agreement.

(Doc. 203-1, ¶¶ 36, 38, 43, 16162, 166, 170, 188-89, 218).

DE 8253327.1

11. None of this is false or potentially false. Nor is any of it disgraceful, offensive, or shameful as to Counsel. Merely offending Counsel's sensibilities or having potential secondary consequences to Counsel does not overcome § 107(a)'s sweeping presumption. The Arbitration Demand states Bob's claims against the Heirs, including for actions taken by Counsel, and deciding the truth of those claims and how offensively or shamefully the Heirs acted will require an arbitrator's award.

12. That takes us to the true reason for the Motion to Strike or Seal: advocating *the Heir's* interests. Counsel devotes much of the Motion to grousing about the timing or claims in the Arbitration, rather than making any effort to meet § 107(b)'s strict standards.

13. The Court should find that Counsel has not met § 107(b)'s burden, lift the seal, and deny the Motion. If nothing else, the Court should redact Counsel's name from the Arbitration Demand and allow the rest to remain a public record. See Gitto, 422 F.3d at 9 ("the protection may stop short of sealing the entire document").

DATED October 2, 2023.

>Respectfully submitted,
>SPENCER FANE LLP
>
>*/s/John O'Brien*
>John O'Brien #15183
>Scott C. Sandberg #33566
>Zachary Fairlie #68057
>1700 Lincoln Street, Suite 2000
>Denver, Colorado 80203
>(303) 839-3800
>jobrien@spencerfane.com; ssandberg@spencerfane.com; zfairlie@spencerfane.com
>Attorneys for J. Robert Wilson

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 2, 2023 I served via CM/ECF system an electronic copy of the foregoing on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and the L.B.R. at the following addresses:

>Aaron Garber agarber@wgwc-law.com
>Keri L. Riley klr@kutnerlaw.com
>US Trustee USTPRegion19.DV.ECF@usdoj.gov
>Robert Samuel Boughner Samuel.boughner@usdoj.gov
>Jolie A. Lofstedt joli@jaltrustee.com

>/s/John O'Brien
>John O'Brien

DE 8253327.1