## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-10809-JGR |
| NORTH SHORE MANOR, Inc., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**EISNER ADVISORY GROUP'S REPLY IN SUPPORT OF FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF ACCOUNTANT'S FEES FOR EISNER ADVISORY GROUP, LLC**

Eisner Advisory Group, LLC ("EAG"), having been approved by this Court to provide accounting and accounting-related services to Northshore Manor, Inc. (the "Debtor") in the above-captioned case by order dated March 27, 2023 [Docket No. 110] ("Retention Order"), hereby submits this reply in further support of its *First Interim Application for Allowance and Payment of Accountants' Fees for Eisner Advisory Group, LLC* [Docket No. 296] (the "Fee Application") and in opposition to the objection [Docket No. 311] (the "Objection") of Wapello Holdings LLC ("Wapello"), Centre Elderly Transportation Inc. ("CET"), Columbine Distribution Center, LLC ("CDC"), Columbine Management Services, Inc. ("CMS"), Columbine Medical Equipment, Inc. ("CME"), Front Range Geriatric Medicine LLC ("FRGM"), Front Range Therapy Systems, Inc. d/b/a Columbine Therapy Services ("FRTS"), Geriatric Education Center LLC ("GEC"), Poudre Infusion Center LLC ("PIC"), Centre Pharmacy, Inc. ("CP"), Bob Wilson ("Bob") and Bob Wilson as managing partners for, and on behalf of North Shore Associates ("NSA-MP") (collectively, the "Objectors"). In support of this reply, EAG respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Objection to EAG's Fee Application is premised on the non-filing of a COVID relief fund forgiveness report with the U.S. Department of Health and Human Services Administration ("HSRA") for Reporting Period 4 (the "Report")—the purpose of which is to

US.359394013.06

certify the Debtor's compliance with HSRA guidelines in connection with its use of COVID Provider Relief Funds between December 1, 2021 (the month COVID Provider Relief Funds were received) through December 31, 2022 (the date by which the COVID Provider Relief Funds were to be disbursed).

2.      As the Court is aware, CMS served as manager of the Debtor prior to, and following, the commencement of the Debtor's chapter 11 case pursuant to a management agreement. Notwithstanding the Debtor's rejection of that management agreement effective as of April 14, 2023, followed by this Court's Turnover Order directed to CMS [ECF No. 76], CMS remains in possession of many of the Debtor's books and records, and specifically, the documents required for the preparation of the Report. *See Motion to Compel Columbine Management Services to Further Comply with Order Compelling Turnover of Books and Records Regarding Records for Health Resources & Services Administration* [ECF No. 333] ("Motion to Compel").

3.      Without the requisite information from CMS—which has repeatedly been requested—EAG cannot prepare the Report and have the Debtor certify to the federal government how the $337,109.59 in COVID relief funds were used by the Debtor prior to EAG's retention,[1] and whether such funds were used in accordance with HSRA guidelines. As CMS must know, the portal through which the Report is to be filed contemplates no caveats to the accuracy of information provided; if the filing of the Report were to result in an audit by the federal government, the Debtor would be liable to provide documentary support for the information reported therein, which the Debtor and EAG currently lack.

---

[1]     The Retention Order is dated March 27, 2023; contrary to the May 8, 2023, deadline cited in the Objection, the Report was due on March 31, 2023. The chapter 11 case was commenced on March 6, 2023.

US.359394013.06

4.      The Objection asserts that the Fee Application "should be denied until EAG remedies the losses caused by its failure to timely file the Period 4 Report." Obj. ¶ 20. EAG agrees that the deficiency can be readily cured with CMS's cooperation and production of requisite information to facilitate the filing of the Report, and thus, the anticipated withdrawal of HSRA's $337,109.59 proof of claim against the estate, assuming the COVID Provider Relief Funds were used in accordance with HSRA guidelines during the time of CMS's management.

5.      For the reasons set forth herein, including those set forth in the Motion to Compel, the Objection should be overruled and the Fee Application should be granted.

## **REPLY**

6.      Section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), allows a debtor-in-possession to employ one or more . . . accountants . . . or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the debtor-in-possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a).

7.      Section 330 of the Bankruptcy Code permits an award of compensation to an accountant or professional person employed under section 327(a) so long as the nature, extent, and value of services performed are reasonable and necessary. 11 U.S.C. § 330. Section 330 provides a non-exclusive list of the factors the Court must consider in determining the reasonableness of compensation requested, including:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

3

US.359394013.06

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

8.      *The Objection does not identify a single task or fee in EAG's time records that is considered objectionable, nor does it include any argument that the services EAG provided to the estate were not reasonable and necessary.* The Objectors point instead to the non-filing of the Report as a basis to deny EAG all of its fees for the first interim period.

9.      For the reasons set forth above, and in the Motion to Compel, the non-filing of the Report is not the product of negligence on the part of EAG, but rather CMS's own obstruction, as has been the unfortunate theme of this chapter 11 case. The Debtor and EAG have repeatedly requested, and continue to request, that CMS produce the documents identified in the Motion to Compel, as further detailed herein:

   a) The Optum ID login details for the HRSA website to enable access to the Debtor's HSRA account.

   b) Comprehensive records related to the Debtor's use of COVID Provider Relief Funds and the nature, timing, amounts, and details of each disbursement, including, without limitation:

      i. Identification of and supporting documentation for the Debtor's COVID-related expenses and COVID-related loss of income from December 1, 2021 (the month COVID Provider Relief Funds were received) to December 31, 2022 (the date by which the COVID Provider Relief Funds were to be disbursed), as required by the certification, including any expenses allocated to the Debtor by CMS and the underlying third-party invoices for same.

4

    ii. Supporting documentation for any and all Invoice and/or Payroll Allocations related to the Debtor's infection control expenditures for the period December 1, 2021, to December 31, 2022, including the underlying third-party invoices for same.

    iii. The Debtor's correspondence with HSRA regarding the receipt or disbursement of COVID Provider Relief Funds from December 1, 2021, to December 31, 2022.

c) Copies of all applications for COVID Provider Relief Funds made by the Debtor during the period of CMS's management, including any supporting documentation submitted therewith.

d) Copies of all reports filed by the Debtor in connection with the Debtor's use of COVID Provider Relief Funds during the period of CMS's management, including supporting documentation.

e) Any and all other not herein described applications, reports, paperwork, and details associated with the Debtor's receipt or use of COVID Provider Relief Funds.

10.    EAG submits that it is in the best interests of the estate, as well as the Objectors' own interests (as "approximately 80% of the creditor pool," Obj. ¶ 19) to promptly produce the above-referenced documents. The failure by CMS to produce such information is not, however, a legitimate basis to object to the compensation sought by EAG.

[*Remainder of Page Intentionally Left Blank*]

5

**CONCLUSION**

WHEREFORE, EAG respectfully requests that the Court overrule the Objection and grant

Fee Application and any such other and further relief as is just and proper.

Dated: October 3, 2023           Respectfully submitted,

                                  By: */s/ Kyle R. Hosmer*
                                       Kyle R. Hosmer #53214
                                       FAEGRE DRINKER BIDDLE & REATH LLP
                                       1144 15th Street, Suite 3400
                                       Denver, CO 80202
                                       Telephone: (303) 607-3500
                                       Email: kyle.hosmer@faegredrinker.com

                                       *Counsel to Eisner Advisory Group, LLC*

US.359394013.06

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 3, 2023, the foregoing *Eisner Advisory Group's Reply in Support of First Interim Fee Application for Allowance and Payment of Accountant's Fees for Eisner Advisory Group, LLC* was served via CM/ECF on all parties against whom relief is sought and otherwise entitled to service pursuant to the Fed R. Bankr. P. and the L.B.R. at the following addresses:

Aaron Garber, agarber@wgwc-law.com

Joli A. Lofstedt, joli@jaltrustee.com

Robert Samuel Boughner, Samuel.Boughner@usdoj.gov

U.S. Trustee USTPRegion19.DV.ECF@usdoj.gov

Keri L. Riley, klr@kutnerlaw.com

John A. O'Brien, jobrien@spencerfane.com

Zachary Fairlie, zfairlie@spencerfane.com

Scott C. Sandberg, ssandberg@spencerfane.com

/s/ Kyle R. Hosmer
Kyle R. Hosmer #53214

7

US.359394013.06