**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO**

<u>Minutes of Electronically Recorded Proceeding</u>

| October 24, 2023 | Honorable Joseph G. Rosania, Jr., Presiding<br>Courtroom B |
|---|---|

| In re:<br><br>**NORTH SHORE MANOR, INC.**<br><br>Debtor(s). | Bankruptcy Case No. **23-10809-JGR**<br><br>Chapter **11** |
|---|---|

| **Appearances:** | | | |
|---|---|---|---|
| Debtor(s) | North Shore Manor | Counsel | Aaron Garber |
| Other | Eisner Advisory Group | Counsel | Jaclyn C. Marasco |
| Other | Eisner Advisory Group | Counsel | Kyle Hosmer |
| Other | Eisner Advisory Group | Counsel | Robert Church |
| Creditor | Columbine Health Systems, etc. | Counsel | John O'Brien |
| Creditor | | Counsel | |
| Creditor | | Counsel | |
| | | | |

**Proceedings:** Telephonic Status Conference regarding Application for Compensation for Accountant (Doc. 296), the Objection (Doc. 311) thereto, Reply to the Objection (Doc. 340) and Motion to Compel Columbine Management Services To Further Comply With Order Compelling Turnover Of Books And Records Regarding Records For Health Resources & Services Administration (Doc. 333) and Response thereto (Doc. 342)

Entry of appearances and statements/arguments made.

Counsel for Eisner Advisory Group stated they would like to find more time to settle the dispute, but further documents are needed from Centre Pharmacy, Inc., Columbine Distribution Center, LLC, Columbine Health Systems, Inc., Columbine Management Services, Inc., Columbine Medical Equipment, Poudre Infusion Therapy, LLC, Wapello Holdings LLC, and J. Robert Wilson ("Columbine Group") to file the HRSA report to HHS.

Counsel for the Columbine Group stated the fees were not reasonable because the HHS fine was purportedly caused by Eisner Group's inaction and stated all necessary documents had previously been turned over.

All parties believe the issue of compensation for Eisner Advisory Group is inexorably linked to the discovery dispute, and thus the Court conducted a telephonic hearing on both the Application for Compensation (Doc. 296) and the Motion to Compel (Doc. 333).

**Orders:**
Oral findings and conclusions made of record.

The COURT FINDS the Application for Compensation (Doc. 296) is hereby HELD IN ABEYANCE pending the resolution of the discovery dispute.

The COURT FURTHER FINDS the Motion to Further Comply with Order Compelling Turnover of Books and Records (Doc. 333) is GRANTED and ORDERS that the Columbine Group turn over the documents

requested in ¶ 9 of the Reply in Support of First Interim Application for Allowance and Payment of Accountant's Fees (Doc. 340), recreated below, to the Debtor and Eisner Advisory Group.

A. The Optum ID login details for the HRSA website to enable access to the Debtor's HSRA account.

B. Comprehensive records related to the Debtor's use of COVID Provider Relief Funds and the nature, timing, amounts, and details of each disbursement, including, without limitation:

   i. Identification of and supporting documentation for the Debtor's COVID-related expenses and COVID-related loss of income from December 1, 2021 (the month COVID Provider Relief Funds were received) to December 31, 2022 (the date by which the COVID Provider Relief Funds were to be disbursed), as required by the certification, including any expenses allocated to the Debtor by CMS and the underlying third-party invoices for same.
   ii. Supporting documentation for any and all Invoice and/or Payroll Allocations related to the Debtor's infection control expenditures for the period December 1, 2021, to December 31, 2022, including the underlying third-party invoices for same.
   iii. The Debtor's correspondence with HSRA regarding the receipt or disbursement of COVID Provider Relief Funds from December 1, 2021, to December 31, 2022.

C. Copies of all applications for COVID Provider Relief Funds made by the Debtor during the period of CMS's management, including any supporting documentation submitted therewith.

D. Copies of all reports filed by the Debtor in connection with the Debtor's use of COVID Provider Relief Funds during the period of CMS's management, including supporting documentation.

E. Any and all other not herein described applications, reports, paperwork, and details associated with the Debtor's receipt or use of COVID Provider Relief Funds.

The Columbine Group shall make a good faith effort to locate and provide the requested documents. To the extent that the documents have previously been provided, the Columbine Group shall provide such information necessary to identify the location of the documents within the prior production, as required by Fed.R.Bankr.P. 7034, incorporating Fed.R.Civ.P. 34(b)(2)(E).

The COURT FURTHER ORDERS that the Columbine Group will provide a status report to the Court within 10 days, on or before **November 3, 2023**, which contains an accounting of the above documents informing the Court which documents were provided. If the documents cannot be located the Columbine Group should provide any available information as to when they believe the documents were sent.

---

BY THE COURT:
Kenneth S. Gardner, Clerk


By: Kevin Cronan, Law Clerk